## Perlberger v. American Lawyer Media Inc.

*Norman Perlberger,* pro se.
*Mary Elizabeth Kohart,* for defendants.

TERESHKO, *J.,* January 11, 2001—Now pending before this court are the separate but compatible motions

for summary judgment filed by defendants American Lawyer Media Inc. d/b/a *The Legal Intelligencer (Legal)* and Metrocorp d/b/a *Philadelphia Magazine (Philadelphia Magazine)*. These motions seek to dismiss in its entirety the defamation action of Norman Perlberger.

Perlberger brings his complaint upon a series of three articles published in *Legal* dealing with his ongoing personal litigation stemming from his divorce and issues collateral and related thereto. Within one article commonly referred to as the "ethics article" is a side article penned by a Professor Hazard, who was an ethics expert opining on Perlberger's ethical behavior.

As a matter of course, courts are cautioned to use their power to grant summary judgment wisely and sparingly. This caution is tempered when the subject is the right to free speech exercised by a free press. Matters which would sometimes be left to a trial judge must receive closer scrutiny to avoid the potentially tyrannical environment of a trial. To do otherwise would subject this most cherished of rights to such legal assault which would eventually impoverish this freedom.

With this as a benchmark, the court reviewed each article and finds as a matter of law as follows: Each of the three articles provide a fair, accurate and balanced report on the pending litigation. Any reader of these articles could never be reasonably left with an understanding other than that they were seeing allegations or counterallegations made in legal pleadings or findings of a court. At each critical place in the writing, whether it be at the beginning of a paragraph or at the beginning of sentences mid-paragraph, the reader is advised and reminded of the nature of what is being reported, be it allegations of parties or findings of a judge.

Therefore, the court finds that the three litigation articles are privileged and protected under the Fair Reporting Doctrine. *First Lehigh Bank v. Cowen,* 700 A.2d 498 (Pa. Super. 1997).

The scope of Perlberger's claims also encompass the "Hazard side article" which was a summary of the expert opinion which was produced as part of the *Strausser* litigation. A full reading of the article makes clear that it is doing no more than reporting the opinion of an expert in this area of legal ethical behavior. The opening phrases of the first and second paragraphs make no mistake about what is being offered.

"If the case of *Strausser v. Perlberger* had gone to trial . . . ." (1st paragraph, Hazard article.)

"In my opinion . . . ." (2nd paragraph, beginning a lengthy direct quote from the Hazard opinion.)

Continuing this same format throughout the article, a reader could never reasonably conclude that what is being stated is fact, but must conclude that they are reading opinion only. Therefore, the court finds as a matter of law that the Hazard article includes only opinion and none of its content is statement of fact; as such, it cannot support an action for libel.

Perlberger's complaint includes as a defendant, Metrocorp *(Philadelphia Magazine)*. This defendant also seeks summary judgment. As an integral part of resolving this motion, this court must decide whether Perlberger is a "general public figure" or a "limited purpose public figure." If Perlberger is found to be either, the burden then shifts to him to prove malice by defendants in publishing the article.

Considering the extent to which Perlberger sought the public eye during his legal career and the extent of the public nature of this controversy, it is but a small leap to conclude as a matter of law, that Norman Perlberger, Esquire, is a "limited purpose public figure."

Following this conclusion, the court further finds that none of the evidence proffered by plaintiff could support a finding of malice by defendant *(Philadelphia Magazine)*. The court further finds that none of the evidence proffered by plaintiff could support a finding of malice by defendant *(Legal)*.

The *Philadelphia Magazine* article was further defended on a number of points which for the purposes of this summary judgment, is presented in succinct form. A full and exhaustive reading of the article compels the court to conclude that where pertinent, the article presents opinion, a fair reporting of legal proceedings, statements that are not capable of a defamatory meaning or statements that cannot reasonably be shown to be untrue. These findings now render the article as deserving of the full protection of the First Amendment[1] and the Fair Reporting Doctrine.

For the above reasons, the court grants summary judgment for both defendants and dismisses plaintiff's complaint in its entirety.

## ORDER

And now, January 11, 2001, upon consideration of plaintiff Norman Perlberger's motion for partial summary

---

1. This democracy is "married" to the First Amendment. As such, we take it, "for better or for worse."

judgment, plaintiff's motion in limine as to American Lawyer Media and American Lawyer Media Inc.'s omnibus response in opposition to both motions, it is hereby ordered that said motions are denied as follows:

(1) Plaintiff's motion for partial summary judgment is denied as it relates to defendant American Lawyer Media Inc.; and

(2) Plaintiff's motion in limine is denied in its entirety.

## ORDER

And now, January 11, 2001, upon consideration of plaintiff's motion for partial summary judgment and the opposition to that motion by defendant Metrocorp d/b/a *Philadelphia Magazine*, it is hereby ordered that plaintiff's motion is denied. It is further ordered that summary judgment is entered in favor of Metrocorp on any claims asserted against it by plaintiff that relate to any illustrations, photographs, and other artwork published by *Philadelphia Magazine*.